UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
DOREEN DEBATTISTA,

**FEDERAL COMPLAINT
WITH JURY DEMAND**

                    Plaintiff,

          -against-

CITY OF NEW YORK, Captain Michael Merritt,
Lt. Ronan Daniel, Sgt. Patrick Kelly,
Individually and in their Official
Capacities,

                    Defendants.
---------------------------------------X

     Plaintiff, DOREEN DEBATTISTA, by and through her attorneys, the law firm of AVALLONE & BELLISTRI, LLP, as and for her Complaint against Defendants, respectfully sets forth the following:

### NATURE OF ACTION

     1.  This action is hereby commenced for the purpose of seeking to secure protection of, and to redress the deprivation of, rights secured by the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, The Age Discrimination in Employment Act, 42 U.S.C. §1983, New York State Executive Law §296, and New York City Human Rights Law §8-107, et. seq., providing for relief based upon Defendants' unlawful employment practices of engaging in discrimination based upon Plaintiff's gender and age, and for the creation of a hostile work environment

and retaliation against Plaintiff for engaging in the protected activity of formally complaining of said discrimination.

## JURISDICTION

2.   The jurisdiction of this Court is invoked based upon federal questions and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§1343(3) and (4), 28 U.S.C. §1331, as well as 42 U.S.C. §2000e through §2000e (15).

3.   This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367.

4.   Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to any and all state claims set forth in all counts.

5.   The rights, privileges and immunities sought herein to be redressed are those secured by the First Amendment freedom of speech and by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, and provisions against gender and age discrimination and the creation of a hostile work

environment and retaliation in employment based upon Title
VII of the Civil Rights Act of 1964, as amended, The Age
Discrimination in Employment Act, 42 U.S.C. §1983, along
with applicable provisions of the New York State
Constitution, the New York State Executive Law and the New
York City Human Rights Law and New York City Administrative
Law.

## SATISFACTION OF PREREQUISITES UNDER TITLE VII

6.    On or about July 26, 2016, Plaintiff DEBATTISTA,
in accordance with applicable law, filed a Charge of
Discrimination with the United States Equal Employment
Opportunity Commission ("EEOC"), which organization
receives and investigates charges of discrimination as set
forth by the Federal Anti-Discrimination Laws, including
Title VII of the Civil Rights Act, as amended.

7.    Said Charge stated that Defendants engaged in
unlawful employment discrimination practices based upon
sex/gender and age, hostile work environment and in
retaliation for engaging in protected activity.

8.    On August 25, 2016, the EEOC issued a "Right to Sue" Letter advising Plaintiff HYLES, of the completion of her prerequisites to file suit in federal court. Plaintiff received said Right to Sue Letter on August 28, 2016. A copy of the "Right to Sue" Letter issued to Plaintiff HYLES is annexed hereto as **Exhibit "A"**.

## VENUE

9.    Venue is proper within the Southern District of this Court, County of New York, State of New York, as the course of Defendants' conduct took place within the boundaries of the County of New York, State of New York, and the instant causes of action are based upon violations of the New York State Constitution, the New York State Executive Law and the New York City Human Rights Law.

## PARTIES

10.   Plaintiff Doreen Debattista is a female, forty-nine (49) years of age, having been born on November 2, 1967. She has registered her opposition to the discriminatory practices of Defendants, and thus is a member of a protected class.  At all times relevant to this action, Plaintiff was, and still is, an employee of Defendant NEW YORK CITY in the New York Police Department

since 1995. She has currently been constructively discharged as a result of the discriminatory practices of the Defendants.

11. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Department of Finance that acts as its agent, and for which it is ultimately responsible.

12. Defendant Captain Michael Merritt was Commandant Officer of Manhattan City Wide Traffic Force and was Plaintiff's supervisor.

13. Defendant Lt. Ronan Daniel was an employee of the City of New York and assigned to Manhattan City Wide Traffic Force. Daniel was Plaintiff's supervisor.

14. Defendant Sgt. Patrick Kelly was an employee of the City of New York and assigned to Manhattan City Wide Traffic Force. Kelly was Plaintiff's supervisor.

**FACTS UNDERLYING PLAINTIFFS' CLAIMS**

15.  Plaintiff Doreen Debattista is a female, forty-nine (49) years of age, born on November 2, 1967.

16.  Plaintiff Debattista has been employed by Defendant CITY in the New York Police Department (hereinafter "NYPD") since June 29, 1995.

17.  Plaintiff has always had an exemplary performance evaluations and never been disciplined while employed with the NYPD.

18.  Plaintiff was forced to retire after being transferred to the 9th Precinct on June 20, 2016 after being assigned at the City Wide Traffic Force-Taxi Unit where she was assigned from March 1996 up until June 20, 2016.

19.  While at the City Wide Traffic Force-Taxi Unit for approximately 25 years, Plaintiff was never disciplined and always received outstanding evaluations from her immediate supervisors.

20.  In October 2015 upon Plaintiff returning from her vacation, her supervisors Sgt. DiBitento, Sgt. Vincent Delprete,

and another Police Officer stated to Plaintiff "we didn't think
you would come back" since Plaintiff was 48 years old at the
time and been on the force for approximately 24 years.
Plaintiff responded by saying that she had no interest in
retiring.

21.   In On April 11, 2016, while Plaintiff was returning
from her vacation, while still on the airplane at JFK Airport,
she received a text message ordering her to report to Employee
Performance Analysis (EPA) along with being issued a tour change
so Plaintiff could attend the meeting at EPA.  Plaintiff was
also told not to bring a union representative.

22.   On April 12, 2016 Plaintiff initially appeared at her
precinct to speak to her supervisor, Lt. Ronan Daniel.  Lt.
Daniel told Plaintiff to speak with Sgt. Patrick Kelly, the
assistant I.C.O. at City Wide Task Force.  Plaintiff spoke with
Sgt. Kelly who told Plaintiff that he didn't know why Plaintiff
was being sent to EPA and ordered her to submit her memo book to
him because someone had allegedly filed a complaint because she
had issued a summons and go directly to EPA.

23.   Upon arriving at EPA, Plaintiff was asked why she was
there and she responded that she didn't know and no one would

tell her.  Plaintiff waited while they checked to see why she
was told to go to EPA.

24.  After waiting approximately half an hour, a Sgt. Smith
approached Plaintiff and told her that he was told that she was
being accused of poor performance for not having enough arrest
and that Plaintiff was to be placed on Level II monitoring.

25.  Plaintiff informed Sgt. Smith that where she was
assigned at the City Wide Traffic Force-Taxi Unit a police
officer does not make many arrests because the Manhattan City
Wide Traffic Force-Taxi Unit is responsible to issue tickets,
not make arrests.

26.  Plaintiff informed Sgt. Smith that her Commanding
Officer, Captain Michael Merritt, or her other supervisors never
spoke to Plaintiff in the past 2 years regarding her alleged
lack of activity/arrests.

27.  Sgt. Smith proceeded to speak with his supervisor,
Captain Dennedy, and came back to Plaintiff and informed her
that this was a mistake and that Plaintiff was not being placed
on level II monitoring.

28.   Plaintiff was being singled out because of her gender and age.   There are younger male police officers at the Manhattan City Wide Traffic Force who have the same or similar arrest activity but where never told to go to EPA to be placed on Level II monitoring (P.O. William Sample, P.O. Dan Arias, P.O. Kirk Becker, P.O. Jesus Carreras, P.O. Gabriel Castro, P.O. Douglas Dolan, P.O. David Engram, P.O. Patrick Fannon, P.O. Thomas Fitzpatrick, P.O. David Gelfand, P.O. Ben Gonzalez, P.O. Ed Gronowski, P.O. Reginald Jamison, P.O. Ramon Jaquez, P.O. James Lamur, P.O. Medhi Phojanakong, P.O. Brian Snyder, P.O. Chaim Winderman, P.O. Adam Resmussen, and P.O. Victor Rodriguez).

29.   On June 13, 2016, Plaintiff filed an internal complaint with the NYPD's OEEO that she was being retaliated against by her supervisors at Manhattan City Wide Traffic Force.

30.   On June 14, 2016 after filing the complaint with the OEEO, Plaintiff was ordered to take a drug test which she passed.   Plaintiff is not aware of any other police officer at Manhattan City Wide Traffic Force being told to take a drug test.

31.    On June 16, 2016 after going to the OEEO and filing a complaint against her supervisors, Plaintiff received written notification that after 20 years at the Manhattan City Wide Traffic Force she was being transferred out of her assignment at Manhattan City Wide Traffic Force-Taxi Unit and send to the 9th Precinct for patrol duty.

32.    Plaintiff had not performed patrol duties in 20 years and was being referred to as the "oldest rookie ever in the NYPD".

33.    On June 20, 2016 Plaintiff began her assignment at the 9th Precinct.

34.    Plaintiff was one of the most senior officers at the Manhattan City Wide Traffic Force at the time of her transfer out of the Manhattan City Wide Traffic Force.  Other male officers with less seniority, on full duty status, and who worked in desk duty assignments where not told to transfer out of the unit to go on patrol at other precincts per the "All Out" reorganization by the NYPD.

35.    Younger male police officers who did not go to the OEEO to complain within the Manhattan City Wide Traffic Force

were not ordered to transfer out of Manhattan City Wide Traffic Force or threaten to be placed on Level II monitoring.

36.  Plaintiff was the only one ordered to leave the Manhattan City Wide Traffic Force and go out on patrol at another precinct.

37.  In July 2016 while working at the 9th Precinct, Plaintiff was denied her "cash" overtime per the union contract by her supervisor.  Other male officers who didn't file complaints with the OEEO where allowed to collect cash overtime. Plaintiff was forced to accept "Time" overtime.  When Plaintiff complained, nothing was done to remedy the situation.

38.  As a result, Plaintiff was forced to file another complain with the OEEO and her union was forced to file a grievance against the NYPD.

39.  On or about August 2016, Plaintiff applied to go to the Summons Auto Unit due to openings being available. Plaintiff was told that she could not be transferred there because she had already been transferred to the 9th Precinct and some officers (P.O. Schidmarck [sic]) where complaining that because of

Plaintiff's age and seniority that would effect there seniority if Plaintiff were to come over.

40.  As a result of the humiliation, discrimination, retaliation and hostile work environment by the Defendants Plaintiff was forced to retire from the NYPD.

41.  These aforementioned acts have caused Plaintiff DEBATTISTA tremendous personal anxiety, health concerns, personal and professional embarrassment, have damaged her professional reputation and have hindered and impacted her present and future ability to earn a living.

42.  Plaintiff DEBATTISTA has suffered economic, physical, emotional and mental damages.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 USC §1983 AGAINST ALL INDIVIDUAL DEFENDANTS

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-42 with the same force and effect as is fully set forth herein.

44.   The individual Defendants have embarked on a course of conduct that deprived Plaintiff of her rights under the United States Constitution, federal and state law.

45.   The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by Plaintiff are examples of Defendants' violations of Plaintiff's civil rights.

46.   The actions of Defendants, acting under color of state and local law, custom and usage, have deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of her rights to equal protection under the 14th Amendment.

47.   By these actions, Defendants have jointly and separately deprived Plaintiff of her rights under the 14th Amendment to the United States Constitution, in violation of 42 USC §1983.

48.   As a consequence of Defendants' unlawful actions, Plaintiff demands damages in the amount of $500,000.00.

## AS AND FOR A SECOND CLAIM AGAINST
## DEFENDANTS FOR FIRST AMENDMENT RETALIATION

49.  Plaintiff repeats, realleges, and reiterates each and every allegation set forth in paragraphs 1-48 with the same force and effect as is fully set forth herein.

50.  Plaintiff has been unlawfully subjected to a hostile work environment and harassment in retaliation for exercising her First Amendment rights to free speech.

51.  The aforementioned conduct on the part of Defendants was without cause or justification and violated Plaintiff's rights, civil rights, privileges and immunities as guaranteed by the First Amendment of the United States Constitution as well as the Constitution of the State of New York and the New York City Administrative Code and Human Rights Law.

52.  The actions of Defendants in depriving Plaintiff of her constitutional and civil rights were willful and malicious acts.

53.    As a direct and proximate consequence of Defendants' unlawful, discriminatory and harassing conduct, Plaintiff has suffered losses of benefits and privileges of her employment with the City of New York and NYPD, been damaged professionally and economically, as well as suffered physical and emotional pain and suffering.

54.    Based on the foregoing, Plaintiff is entitled to compensatory damages in the amount of $500,000.00, and punitive and exemplary damages in the amount of $500,000.

**AS AND FOR A THIRD CLAIM OF DISCRIMINATION
BASED ON AGE AND GENDER IN VIOLATION OF
TITLE VII OF CIVIL RIGHTS ACT OF 1964, AS AMENDED**

55.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-54 with the same force and effect as is fully set forth herein.

56.    Based upon the aforementioned facts, Defendant City of New York discriminated against Plaintiff as a result of her age and gender and in retaliation for exercising her First Amendment rights.

57.  Defendant    intentionally    and    willfully discriminated against and harassed Plaintiff and permitted Plaintiff to be discriminated against and harassed in her employment on account of her age and gender and in retaliation for opposition to discrimination, thereby violating §704(A) OF Title VII of the Civil Rights Act of 1964 as amended and 42 USC §2000e-3(a).

58.  No action was taken by Defendants or its agents to stop the harassment of Plaintiff, thereby contributing to a hostile working environment.

59.  As a result of the Defendants' conduct, Plaintiff has   suffered   economic   loss,   pain,   humiliation, embarrassment, extreme emotional distress and continues to suffer to this day, and further as a result of Defendant's conduct, Plaintiff has suffered both professionally and personally.

60.  As a result of the foregoing, Plaintiff has been damaged in the amount of $500,000.00.

## AS AND FOR A FORTH CLAIM PURSUANT
## TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

61.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-60 with the same force and effect as if fully set forth herein.

62.    During the entire period of Plaintiff's employment with Defendant CITY, Plaintiff performed outstanding service.

63.    Despite the excellent quality of her work, she was harassed and otherwise discriminated against with respect to compensation, terms, conditions and privileges of her employment because of age.

64.    Defendant CITY through its agents has engaged in intentional discrimination by a continuous policy, custom and practice of disparate treatment against employees over the age of forty.

65. At the time that plaintiff was discriminated against due to her age, defendant was well aware of the provisions of the Age Discrimination and Employment Act of 1967 as amended in 1978.  Defendant acted willfully and with reckless disregard of the law and deprived Plaintiff of equal terms and conditions of her employment solely because of age.

66.    That as a result of the defendants' conduct, the plaintiff has suffered pain, humiliation, extreme emotional distress and continues to suffer to this day.

67.    That as a result of the defendants' willful and wrongful conduct, the plaintiff has been damaged in the amount of $500,000.00.

**AS AND FOR A FIFTH CLAIM PURSUANT
GENDER DISCRIMINATION IN VIOLATION
OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

68.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-67 with the same force and effect as if fully set forth herein.

69.    Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

70.    As part of its pattern and practice of employment discrimination, defendant through its agents treated Plaintiff in a manner indicative of gender discrimination, with respect to its failure to take corrective action.

71.   Defendant CITY through its agents knew or should have known about the gender discrimination in the workplace.

72.   Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by gender in a clear demonstration of bad faith.

73.   That as a result of the discriminatory acts of Defendant CITY through its agents, Plaintiff suffered emotional distress.

74.   As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

75.   That as a result of the defendant's willful and wrongful conduct, the plaintiff has been damaged in the amount of $500,000.00.

## AS AND FOR A SIXTH CLAIM PURSUANT
## RETALIATION IN VIOLATION OF
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>

76.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-75 with the same force and effect as if fully set forth herein.

77.    Plaintiff alleges that defendant CITY through its agents engaged in retaliation against Plaintiff as a result of her complaining about the discriminatory treatment to OEEO, in violation of 42 U.S.C. §2000e-3(a)

78.    That as a result of the discriminatory acts of Defendant CITY through its agents, Plaintiff suffered emotional distress.

79.    As a result of the acts of defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

80.    That as a result of the defendant's willful and wrongful conduct, the plaintiff has been damaged in the amount of $500,000.00.

### AS AND FOR A SEVENTH CLAIM PURSUANT
### HOSTILE WORK ENVIRONMENT IN VIOLATION
### OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

81.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-80 with the same force and effect as if fully set forth herein.

82.   Plaintiff alleges that Defendant CITY through its agents created and condoned a hostile work environment against plaintiff in violation of 42 U.S.C. §2000e-3(a).

83.   The work place was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of plaintiff's work environment, and humiliating.

84.   That as a result of the discriminatory acts of defendant CITY through its agents,  Plaintiff suffered emotional distress.

85.   As a result of the acts of defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

86.   That as a result of the defendant's willful and wrongful conduct, the plaintiff has been damaged in the amount of $500,000.00.

## AS AND FOR A EIGHTH CLAIM PURSUANT
## TO NEW YORK STATE EXECUTIVE LAW §290 et seq.

87.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-86 with the same force and effect as if fully set forth herein.

88.   Based on the foregoing, Defendants intentionally and willfully discriminated against Plaintiff in her employment on account of gender, age, the creation of a hostile work environment and in retaliation in violation of New York State Executive Law §296.

89.   Even though Defendants were aware of Plaintiff's complaints and the existence of a hostile work environment, no actions were taken by Defendants in an effort to correct the discriminatory conduct on behalf of the individual Defendants.

90.   Such conduct on the part of Defendants and all others, without cause or justification, violated the

Plaintiff's civil rights guaranteed under the New York State Constitution and New York State Executive Law § 296.

91.  As a result of Defendants' actions and all deprivations of Plaintiff's rights as guaranteed under New York State Executive Law § 296, Plaintiff has suffered economic loss, pain, humiliation and extreme emotional distress.

92.  As a result of the foregoing wrongful, careless and intentional acts of Defendants, Plaintiff has been damaged in the amount of $500,000.00.

## AS AND FOR A NINTH CLAIM PURSUANT TO NEW YORK CITY ADMINISTRATIVE CODE SECTION 8-107(1) et. seq.

93.  The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-93 with the same force and effect as if fully set forth herein.

94.  Defendants discriminatory conduct based on Plaintiff's gender, age, the creation of a hostile work environment and in retaliation, constitutes discrimination in violation of the New York City Administrative Code § 8-107(1), et. seq., and the New York City Human Rights Law.

95.   The aforementioned occurrences were caused by the wrongful, careless, reckless and intentional acts of Defendants.

96. Because of the foregoing, Plaintiff has been damaged in the amount of $500,000.00.

## JURY TRIAL

97.  Plaintiff requests a jury trial on all questions of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this honorable Court grant the following relief:

1.  Declare that the aforementioned actions of Defendants were unconstitutional and in violation of the United States Constitution, the New York State Constitution and New York City Human Rights Law and Administrative Code along with all applicable statutes;

2.  Declare that the aforementioned discriminatory actions of Defendants were in violation of New York State Executive Law § 296, 42 U.S.C. § 1983, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964, as amended;

3.  Enjoin the defendants and their successors,

agents, servants, employees and those in active concert or participation with them from subjecting their employees to retaliatory and harassing conduct based on their gender, age, the creation of a hostile work environment and in retaliation;

4.   As and for Plaintiff's First Claim, grant Plaintiff the sum of $500,000.00;

5.   As and for Plaintiff's Second Claim, grant Plaintiff the sum of $500,000.00;

6.   As and for Plaintiff's Third Claim, grant Plaintiff the sum of $500,000.00 along with punitive and exemplary damages in the amount of $5,000,000.00;

7.   As and for Plaintiff's Fourth Claim, grant Plaintiff the sum of $500,000.00;

8.   As and for Plaintiff's Fifth Claim, grant Plaintiff the sum of $500,000.00;

9.   As and for Plaintiff's Sixth Claim, grant Plaintiff the sum of $500,000.00;

10.   As and for Plaintiff's Seventh Claim, grant Plaintiff the sum of $500,000.00;

11.   As and for Plaintiff's Eighth Claim, grant Plaintiff the sum of $500,000.00;

12.   As and for Plaintiff's Ninth Claim, grant Plaintiff the sum of $500,000.00;

13. Grant Plaintiff all costs for this action, including reasonable attorney's fees; and

14. Grant Plaintiff such other and further relief as this Court may seem just and proper.


Dated:    Lake Success, New York
          November 21, 2016

                              Yours etc,
                              AVALLONE & BELLISTRI, LLP


                              _____
                              ROCCO G. AVALLONE
                              Attorneys for Plaintiff
                              3000 Marcus Ave, Suite 3E7
                              Lake Success, New York 11042
                              (516) 986-2500

# EXHIBIT "A"

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Doreen Debattista**
     **1825 Madison Avenue, Apt# 4 L**
     **New York, NY 10035**

From:  **New York District Office**
       **33 Whitehall Street**
       **5th Floor**
       **New York, NY 10004**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2016-03244** | **Maritza Rondon-Velazquez, Investigator** | **(212) 336-3678** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kevin Berry*
_____
**Kevin J. Berry,**
**District Director**

AUG 2 5 2016

*(Date Mailed)*

Enclosures(s)

cc:  **Stephanie Zimberg**
     **Director - Legal Bureau**
     **NEW YORK POLICE DEPARTMENT**
     **One Police Plaza, Room 1406**
     **New York, NY 10038**

     **Rocco G. Avallone, Esq.**
     **AVALLONE & BELLISTRI**
     **3000 Marcus Avenue, Suite 3E07**
     **Lake Success, NY 11042**